**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MONTEREY RESEARCH, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>RENESAS ELECTRONICS CORPORATION, DENSO CORPORATION, DENSO INTERNATIONAL AMERICA, INC.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:24-CV-00238-JRG |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) (the "Motion") filed by Defendants DENSO Corporation and DENSO International America, Inc. (collectively "DENSO"). (Dkt. No. 16.) Having considered the Motion and related briefing, the Court finds that it should be and hereby is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## I. BACKGROUND

On April 10, 2024, Plaintiff Monterey Research, LLC ("Plaintiff") filed a patent infringement complaint against Defendants Renesas Electronics Corporation ("Renesas") and DENSO. (Dkt. No. 1.) The Complaint alleges infringement of U.S. Patent Nos. 6,243,300 (the "'300 Patent"); 7,679,968 (the "'968 Patent"); 7,089,133 (the "'133 Patent"); and 7,825,688 (the "'688 Patent") (collectively, the "Asserted Patents"). (*Id.*) The Complaint alleges that Renesas and DENSO directly, indirectly, and willfully infringe the Asserted Patents. (*See generally id.*)

On August 1, 2024, DENSO filed the Motion. (Dkt. No. 16.) In the Motion, DENSO requests that the Court dismiss Plaintiff's infringement claims—direct, induced, contributory, and

willful—under Rule 12(b)(6). (*Id.* at 1.)

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff, but the Court is not required to accept the plaintiff's legal conclusions as true. *Id.*

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). In determining a motion to dismiss, "[t]he court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). To be legally sufficient, the complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Iqbal*, 556 U.S. at 678. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 255-57.

In the context of patent infringement, a complaint must place the alleged infringer on notice

of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). However, the plaintiff is not required to prove its case at the pleading stage. *Id.*

## III. ANALYSIS

### A. Plaintiff's Direct Infringement Claims

DENSO argues that Plaintiff does not properly identify any DENSO-specific accused products. (Dkt. No. 16 at 6.) DENSO also argues that Plaintiff does not adequately allege how any DENSO-specific accused product practices each limitation of the asserted method claims. (*Id.*)

Plaintiff responds that it need not identify a DENSO-specific accused product or "plead every allegation against DENSO separately." (Dkt. No. 23 at 2-3.) Plaintiff asserts that it need only plead "facts sufficient to place DENSO on notice as to what he must defend." (*Id.* at 2 (cleaned up).) Plaintiff argues that the Complaint alleges that the DENSO-specific accused products are "products that DENSO makes, sells, offers for sale, and/or are used in the United States that incorporate infringing Renesas products." (*Id.* at 3 (citing Dkt. No. 1 ¶¶ 3, 8, 22, 25, 29, 40, 52, 64).) The Complaint identifies exemplary infringing Renesas products. (*Id.* (citing Dkt. No. 1 ¶¶ 29, 40, 52, 64-65).) Regarding the method claims, Plaintiff argues that the Complaint contains allegations of "use" for the method claims. (*Id.* at 6 (citing Dkt. No. 1 ¶ 29).)

DENSO's reply reiterates that the Complaint fails to identify any DENSO-specific accused products. (Dkt. No. 24 at 1-2.) DENSO also argues that "as a Renesas customer, DENSO has no involvement with the accused circuitry or methods at the level claimed in the patents in suit, and it should not be left to DENSO . . . to figure out whether or how DENSO's acts or knowledge support a direct infringement claim." (*Id.* at 2.)

The Court finds that Plaintiff adequately identifies the DENSO accused products. Although

most patent infringement complaints identify a specific end product by name or number, DENSO points to no authority requiring Plaintiff to do so at the pleading stage. Here, Plaintiff identifies by name the allegedly infringing Renesas components and alleges that DENSO integrates these components into its products that infringe the Asserted Patents. (Dkt. No. 1 ¶¶ 3, 8, 22, 25, 29, 40, 52, 64-65.) This is sufficient, at the pleading stage, to identify the Accused Products and put DENSO on notice of what to defend against.

The cases DENSO relies on to support the proposition that Plaintiff's "allegations are too vague, conclusory, and devoid of alleged facts to support a claim of direct infringement" are inapposite. (Dkt. No. 16 at 6.) In *Nalco Co. v. Chem-Mod*, the Federal Circuit reaffirmed that "the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met" and that a plaintiff need not "prove its case at the pleading stage." 883 F.3d 1337, 1350 (Fed. Cir. 2018) (cleaned up). Further, in *Nalco*, the defendants did "not seem to challenge that [the plaintiff] met the notice requirement of FRCP Rule 8 or the pleading standard required under *Twombly* and *Iqbal*." *Id.* at 1347. The defendants instead argued that the plaintiff's "infringement claims simply [were] not plausible because 'a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims.'" *Id.* at 1347-48. Here, DENSO does not argue that Plaintiff's claims are implausible because the Complaint "establish[es] an impenetrable defense to [Plaintiff's] claims."

In *K-Tech Telecom., Inc. v. Time Warner Cable, Inc.*, the Federal Circuit reversed an order dismissing a complaint where the decision rested, in part, on the plaintiff's failure to identify the "accused product and the manner in which it [was allegedly] infringing." 714 F.3d 1277, 1280 (Fed. Cir. 2013). In that case, the plaintiff alleged that the defendants' "systems and methods for modifying a major channel number, a minor channel number, and/or a carrier frequency to identify

a television program" infringed the asserted patents. *Id.* at 1281-82. The plaintiff did not specifically identify an allegedly infringing product. *Id.* The Federal Circuit held that a plaintiff need not "identify an accused device by name." *Id.* at 1286. The Federal Circuit found that the plaintiff's failure to "point to the specific device or product within [the defendants'] systems that translates the digital television signals each receives—especially when the operation of those systems is not ascertainable without discovery—should not [have barred] . . . the complaint." *Id.* Here, Plaintiff's identification of the accused products sufficiently informs DENSO as to what it must defend. (*See* Dkt. No. 1 ¶¶ 3, 8, 22, 25, 29, 40, 52, 64.)

In *Realtime Data, LLC v. Stanley*, Judge Davis adopted Magistrate Love's recommendation and granted the defendants' motion to dismiss because the plaintiff failed to specifically identify any accused product or service. 721 F. Supp. 2d 538, 539 (E.D. Tex. 2010). In that case, the plaintiff accused the defendants' "data compression products and/or services" of infringing. *Id.* at 543. The magistrate judge found that this identification of accused products failed to inform the defendants as to what they must defend. *Id.* In his order, however, Judge Davis clarified that "[w]hile the Court has dismissed some complaints because the description of the infringement was too vague, it has not required a specific identification of accused products." *Id.* at 539. Judge Davis further stated that "the Court considers the description of the accused systems or methods in context to determine whether a defendant-specific identification is required." *Id.* Here, the Complaint alleges that the specific accused DENSO products are "products that DENSO makes, sells, offers for sale, and/or are used in the United States that incorporate infringing Renesas products." (*Id.* at 3 (citing Dkt. No. 1 ¶¶ 3, 8, 22, 25, 29, 40, 52, 64).) The Complaint further identifies exemplary infringing Renesas products. (*Id.* (citing Dkt. No. 1 ¶¶ 29, 40, 52, 64-65).)

Accordingly, under these specific facts, the Court finds that Plaintiff sufficiently states a

claim for direct infringement.

**B. Plaintiff's Induced Infringement Claims**

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "[L]iability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) (quoting *Global-Tech*, 563 U.S. at 766). The intent necessary for a claim of "[i]nducement can be found where there is evidence of active steps taken to encourage direct infringement." *Barry v. Medtronic, Inc.*, 914 F.3d 1310, 1334 (Fed. Cir. 2019) (cleaned up).

DENSO argues that the Complaint fails to allege any DENSO-specific facts to support Plaintiff's induced infringement claim. (Dkt. No. 16 at 6-7.) Specifically, DENSO argues that "[t]he Complaint contains no *allegations* of any acts, knowledge, or intent *specific to DENSO* to support a claim that DENSO has induced infringement by others. (*Id.* at 7 (emphasis added by DENSO).)

Plaintiff responds that it has sufficiently pled induced infringement as to DENSO. (Dkt. No. 23 at 6.) Plaintiff argues that it specially alleged that it corresponded with DENSO and DENSO customers pre-suit regarding three of the four Asserted Patents. (*Id.* at 6-7.) Plaintiff argues that the Complaint "allege[s] that Defendants, including DENSO, 'make available user manuals and product documentations', 'market and sell' the products, 'maintain websites that advertise their products, including identifying the applications for which they can be used and specifications for the products.'" (*Id.* at 7 (quoting Dkt. No. 1 ¶¶ 10, 22-23).) Plaintiff asserts that it "alleged six affirmative acts of Defendants in furtherance of the 'manufacture, use, sale, offer to sell, and importation of the Accused Products into the United States.'" (*Id.* (quoting Dkt. No. 1 ¶ 22).) Plaintiff further argues that it "alleged that infringement of each the Asserted Patents arises from

'the use of the [Accused Products] in their normal mode of operation, which Defendants recommend to their customers and end users.'" (*Id.* (citing Dkt. No. 1 ¶¶ 32, 43, 55, 67).)

DENSO's reply reiterates that the Complaint fails to allege any DENSO-specific facts to support Plaintiff's induced infringement claims. (Dkt. No. 24 at 3-4.) DENSO asserts that the Complaint does not put "DENSO on notice of what it is accused of having done to encourage third parties to infringe any of the patents in suit. (*Id.*) DENSO also contends that Plaintiff's identification of pre-suit correspondence regarding three of the four Asserted Patents is insufficient to meet its pleading burden. (*Id.*)

**1. Pre-Suit Induced Infringement**

The Court finds that the Complaint sufficiently alleges pre-suit induced infringement for the '300, '968, and '133 Patents. However, the Court finds that the Complaint fails to sufficiently allege pre-suit induced infringement for the '688 Patent.

Induced infringement under Section 271(b) requires knowledge of the existence of the patent that is infringed. *See Commil*, 575 U.S. at 640 (liability under Section 271(b) "can only attach if the defendant knew of the patent and knew as well that 'the induced acts constitute patent infringement'") (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)). Plaintiff has failed to plead facts plausibly showing that DENSO knew of the '688 Patent before this lawsuit. Plaintiff's allegations regarding pre-suit correspondence with DENSO[1] are limited to the '300, '968, and '133 Patents. (*See* Dkt. No. 1 ¶ 25.) Plaintiff does not allege or argue that DENSO was willfully blind to support its allegation of pre-suit knowledge of the '688 Patent.

---

[1] In the Complaint, Plaintiff alleges that "on information and belief," Toyota provided DENSO Plaintiff's communications regarding the '133 Patent. (Dkt. No. 1 ¶ 25(e)).) It is sufficient that Plaintiff pled "'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence' in support of the alleged" patent infringement. *Optimum Imaging Techs. LLC v. Canon Inc.*, No. 2:19-cv-00246-JRG, 2020 WL 10357165 at *2 (E.D. Tex. May 1, 2020) (quoting *Motiva Pats., LLC v. Sony Corp.*, 408 F.Supp.3d 819, 827 (E.D. Tex. Sept. 27, 2019)).

Accordingly, under these specific facts, the Court finds that Plaintiff fails to state a claim for pre-suit induced infringement of the ’688 Patent.

**2. Post-Suit Induced Infringement**

The Court finds that Plaintiff's Complaint sufficiently pleads a claim for post-suit induced infringement of the Asserted Patents. As this Court has repeatedly recognized, at the pleadings stage, the Court draws all reasonable inferences from the well-pleaded allegations in Plaintiff's favor. *E.g.*, *RightQuestion, LLC v. Samsung Elecs. Co., Ltd.*, 2022 WL 507487, at *3 (E.D. Tex. Feb. 18, 2022). Here, for each count of infringement, Plaintiff alleges that DENSO sells products that incorporate the accused Renesas products and provides its customers with documents instructing them to use the technology in an allegedly infringing way. (*E.g.*, Dkt. No. 1 ¶¶ 22, 23, 32, 43, 55, 67.) The Supreme Court simply requires enough facts to rise above the level of sheer speculation, such that there is "a reasonable expectation that discovery will reveal evidence" supporting a claim for relief. *Twombly*, 550 U.S. at 556. At the pleading stage, the Court finds it reasonable to infer the necessary intent to support a claim of induced infringement from Plaintiff's allegations that DENSO simultaneously sells products that incorporate the accused Renesas products while supplying documents that instruct performance of allegedly infringing uses of the technology. *BillJCo, LLC v. Cisco Sys., Inc.*, 2021 WL 6618529, at *6 (E.D. Tex. Nov. 30, 2021). There is no requirement for [a patentee] to 'prove its case at the pleading stage.'" *Lifetime Indus.*, 869 F.3d at 1379 (alteration in original).

However, while the Court finds that Plaintiff has sufficiently pled post-suit induced infringement of the Asserted Patents at the pleading stage and put DENSO on notice of what it must defend against, the Court grants Plaintiff leave to amend the Complaint to bolster its allegations of inducement. Specifically, in amending the Complaint, Plaintiff should replead facts sufficient to show and allege that Renesas induces its customers, such as DENSO, to infringe the

Asserted Patents and DENSO induces its customers to infringe the Asserted Patents.

**C. Plaintiff's Contributory Infringement Claims**

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (citing 35 U.S.C. § 271(c)). To state a claim for contributory infringement, "a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing use." *Motiva Pats.*, 408 F. Supp. 3d at 829.

DENSO argues that Plaintiff fails to allege contributory infringement against DENSO because the Complaint does not allege "that DENSO supplies *a component* of an overall accused product that infringes one or more claims of the Asserted Patents." (Dkt. No. 16 at 7 (emphasis added by DENSO).) DENSO argues that the Complaint does not provide "any basis for believing that DENSO 'know[s] the same to be especially made or especially adapted for use in an infringement of [an asserted] patent.'" (*Id.*) DENSO also asserts that the Complaint does not "allege that the downstream automotive products (e.g., vehicles)—separate from or in addition to the chips supplied by Renesas—infringe the Asserted Patents." (*Id.* at 7-8.)

Plaintiff responds that it need not allege "that DENSO supplies a component of an overall accused product that infringes." (Dkt. No. 23 at 8.) Instead, Plaintiff argues that it "need only plead direct infringement by DENSO's customers, that DENSO knew the components were both patented and infringing, and that the components have no substantial non-infringing uses." (*Id.*) Plaintiff asserts that it "alleged that the Accused Products constitute a material part of the

inventions of the Accused Patents, were especially made or adapted for use in infringement of such patents, and were not a staple article or commodity of commerce suitable for substantial noninfringing use." (*Id.* at 9 (citing Dkt. No. 1 ¶¶ 32-33, 43-44, 55-56, 67-68).)

DENSO's reply reiterates its arguments that the Complaint merely mimics the legal standard for contributory infringement without any specific allegations to support such a claim. (Dkt. No. 24 at 4.) DENSO emphasizes its argument that Plaintiff's opposition does not explain "what 'component of a patented machine, . . . constituting a material part of the invention' DENSO is alleged to have knowingly supplied to contribute to infringement under § 271(c). (*Id.*)

**1. Pre-Suit Contributory Infringement**

The Court finds that the Complaint sufficiently alleges pre-suit contributory infringement for the '300, '968, and '133 Patents. However, the Court finds that the Complaint fails to sufficiently allege pre-suit contributory infringement for the '688 Patent.

Contributory infringement requires the same "knowledge of the patent in suit and knowledge of patent infringement" as for induced infringement. *Commil*, 575 U.S. at 639 (cleaned up). As discussed above, Plaintiff has failed to plead facts plausibly showing that DENSO knew of the '688 Patent before this lawsuit. (*See supra* Section III.B.1.)

Accordingly, under these specific facts, the Court finds that Plaintiff fails to state a claim for pre-suit contributory infringement of the '688 Patent.

**2. Post-Suit Contributory Infringement**

The Court finds that Plaintiff has sufficiently pled a claim for post-suit contributory infringement of the Asserted Patents. Plaintiff asserts that DENSO "incorporate[s] infringing Renesas products and components into products" DENSO sells. (Dkt. No. 1 ¶ 8.) The Complaint identifies exemplary infringing Renesas products. (*Id.* (citing Dkt. No. 1 ¶¶ 29, 40, 52, 64-65).) Plaintiff alleges that the exemplary infringing Renesas products, which Plaintiff alleges DENSO

incorporates into its products, meet every limitation of certain claims of the Asserted Patents. (Dkt. No. 1 ¶¶ 29-33, 40-44, 52-56, 64-68.) Plaintiff further alleges that the Renesas products that DENSO incorporates into its products "constitute a material part of the invention of the '300 Patent" and are "especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." (*Id.* ¶ 33; *see also* Dkt. No. 1 ¶¶ 44, 56, 68.) This is sufficient at the pleading stage. *See, e.g., Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, 697 F. Supp. 3d 635, 650-51 (E.D. Tex. 2023).

Accordingly, under these specific facts, the Court finds that Plaintiff sufficiently states a claim for post-suit contributory infringement of the Asserted Patents.

**D. Plaintiff's Willful Infringement Claims**

DENSO argues that because Plaintiff fails to state an infringement claim against DENSO, the Court should dismiss Plaintiff's willfulness claims. (Dkt. No. 16 at 8-9.) DENSO also argues that "the Complaint does not allege any facts to support an inference that DENSO's behavior was 'typified by willful misconduct.'" (*Id.* at 8.) DENSO asserts that it did not act in an "egregious" manner by referring Plaintiff back to Renesas to resolve Plaintiff's dispute. (*Id.* at 8-9.)

In response, Plaintiff argues that it sufficiently states a claim for infringement against DENSO, including willful infringement. (Dkt. No. 23 at 9.) Plaintiff argues that it "need not plead facts demonstrating egregious conduct to establish a claim for willful infringement at the 12(b)(6) stage." (*Id.* at 10 (cleaned up).) Plaintiff asserts that it "identified specific instances of pre-suit communications notifying DENSO of its high risk of infringement, as well as Renesas and DENSO's customers, and alleged that despite such notices, DENSO continued to infringe." (*Id.* (citing Dkt. No. 1 ¶¶ 10, 22-23, 25, 36, 47, 59, 71).) Plaintiff also argues that the filing of the Complaint provided DENSO notice and DENSO continues to infringe the Asserted Patents. (*Id.*)

DENSO's reply reiterates its arguments that it "acted in an appropriate and reasonable manner in 'referr[ing] [Plaintiff] to Renesas" for resolution of [Plaintiff's] claims "[i]n light of DENSO's position as a mere customer, and further in light of the technologies involved in the patents [Plaintiff] brought to DENSO's attention." (Dkt. No. 24 at 5.)

**1. Pre-Suit Willfulness**

The Court finds that the Complaint sufficiently alleges pre-suit willfulness for the '300, '968, and '133 Patents. However, the Court finds that the Complaint fails to sufficiently allege pre-suit willfulness for the '688 Patent.

"To sufficiently plead pre-suit willful infringement, a plaintiff must plausibly allege that the defendant knew of an asserted patent before the plaintiff filed the lawsuit." *Signode Indus. Grp. LLC v. Samuel, Son & Co., Ltd. et al.*, 2:24-cv-00080-JRG, 2024 WL 3543408, *2 (E.D. Tex. July 25, 2024). As discussed above, Plaintiff has failed to plead facts plausibly showing that DENSO knew of the '688 Patent before this lawsuit. (*See supra* Section III.B.1.)

Accordingly, under these specific facts, the Court finds that Plaintiff fails to state a claim for pre-suit willful infringement of the '688 Patent.

**2. Post-Suit Willfulness**

The Court finds that the Complaint sufficiently alleges post-suit willful infringement of the Asserted Patents. As this Court has repeatedly recognized, "allegations that a defendant continues its allegedly infringing conduct even after receiving notice of a complaint are sufficient to at least state a claim for post-suit willful infringement." *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, 2:21-CV-00172-JRG, 2022 WL 610796, at *6 (E.D. Tex. Jan. 24, 2022); *Touchstream Techs., Inc. v. Altice USA*, No. 2:23-cv-00060-JRG, 2024 WL 1117930, at *3 (E.D. Tex. Mar. 14, 2024); *see also NXP USA Inc. v. MediaTek Inc.*, 2:21-CV-00318-JRG, 2022 WL 799071, at *4 (E.D. Tex. Mar. 15, 2022). Here, Plaintiff alleges that "Defendants continue to knowingly, intentionally, and

willfully infringe" the Asserted Patents. (Dkt. No. 1 ¶¶ 25.)

Regarding DENSO's contention that it acted reasonably and appropriately, this Court rejects arguments that the plaintiff must allege facts raising a plausible inference of egregious or culpable conduct at the 12(b)(6) stage. *See Arigna Tech.*, 2022 WL 610796, at *6; *Touchstream*, 2024 WL 1117930, at *3 (same); *NXP USA*, 2022 WL 799071, at *4 (same).

Accordingly, the Court finds that Plaintiff sufficiently states a claim for post-suit willful infringement of the Asserted Patents.

**IV. CONCLUSION**

For the reasons stated above, the Motion (Dkt. No. 16) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Motion is **GRANTED** with respect to pre-suit induced, pre-suit contributory, and pre-suit willful infringement for the '688 Patent. The Motion is **DENIED** in all other respects. Accordingly, Plaintiff's claims for pre-suit induced, pre-suit contributory, and pre-suit willful infringement for the '688 Patent against DENSO are **DISMISSED WITHOUT PREJUDICE**. Plaintiff is permitted leave during the ensuing fourteen (14) days from the issuance of this Order to amend its pre-suit infringement allegations for the '688 Patent through the filing of a subsequently amended complaint. Plaintiff is further permitted leave to supplement its allegations of inducement to support its induced infringement claims.

**So ORDERED and SIGNED this 3rd day of December, 2024.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE