IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MONTEREY RESEARCH, LLC, § § *Plaintiff*, § § v. § § RENESAS ELECTRONICS § CORPORATION, DENSO § CORPORATION, and DENSO § INTERNATIONAL AMERICA, INC., § § *Defendants*. § § | CIVIL ACTION NO. 2:24-CV-00238-JRG |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Sever and Stay Pending Final Resolution of Manufacturer's Suit (the "Motion") filed by Defendants DENSO Corporation and DENSO International America, Inc. (collectively, "DENSO") and Defendant Renesas Electronics Corporation ("Renesas"). (Dkt. No. 27.) Having considered the Motion and related briefing, the Court finds that it should be and hereby is **DENIED**.

**I.    BACKGROUND**

On April 10, 2024, Plaintiff Monterey Research, LLC ("Plaintiff") filed a patent infringement complaint against DENSO and Renesas, alleging infringement of four United States patents. (Dkt. No. 1.) The Complaint alleges that DENSO and Renesas directly, indirectly, and willfully infringe the asserted patents. (*See id.*) Plaintiff alleges that DENSO's incorporation of the accused Renesas chips into its products infringes the asserted patents. (*E.g.*, Dkt. No. 1 ¶¶ 8, 22, 25, 29, 40, 52, 64 ("[The accused] products were made and sold by Renesas, and were incorporated by Denso Defendants into products made and sold by Denso Defendants.").)

On September 19, 2024, DENSO and Renesas filed the Motion, seeking to sever and stay Plaintiff's claims against DENSO based on the customer-suit exception and traditional stay factors. (Dkt. No. 27.)

## II.     LEGAL STANDARD

The trial court has broad discretion to sever and stay actions. *See Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000); *see also Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994) (citing Fed. R. Civ. P. 21). When a patent infringement suit is brought against a manufacturer and its customer, the court may stay the action against the customer pending resolution of the case against the manufacturer. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365-66 (Fed. Cir. 2014); *see also In re Dell Inc.*, 600 F. App'x 728, 730 (Fed. Cir. 2015) (finding such a stay is not mandatory). "The customer-suit exception developed not as a general exception to a lawsuit against a manufacturer and re-seller, but as an 'exception to the "first-to-file" rule . . . to avoid, if possible, imposing the burdens of trial on the customer.'" *Samsung Elecs. Co. v. Tech. Consumer Prods., Inc.*, 2024 WL 1961320, at *1 (D. Del. May 2, 2024) (quoting *In re Nintendo*, 756 F.3d at 1365). "[T]he guiding principles in the customer suit exception cases are efficiency and judicial economy." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) (citing *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006)).

## III.    ANALYSIS

Relying on the customer-suit exception and the traditional stay factors, DENSO and Renesas assert that the Court should sever and stay Plaintiff's claims against DENSO pending the resolution of Plaintiff's claims against Renesas. (Dkt. No. 27 at 6-13.)

### A.    The Customer-Suit Exception is Not Applicable

DENSO and Renesas assert that this "case falls squarely within the customer-suit exception" and that the Court should sever and stay Plaintiff's claims against DENSO pending final resolution of Plaintiff's identical claims against Renesas. (Dkt. No. 27 at 1-2.) The Court disagrees.

The customer-suit exception typically arises when "a patentee filed an action against the retailers of an accused product, after which the manufacturer of the product filed a declaratory judgment action against the patentee in a different forum." *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 2016 WL 1659924, at *2 (E.D. Tex. Apr. 26, 2016). DENSO and Renesas rely on *In re Nintendo* to support their assertion that the customer-suit exception applies. (Dkt. No. 27 at 4-5 (citing *In re Nintendo*, 756 F.3d 1363 (Fed. Cir. 2014)).) However, in a subsequent Federal Circuit case, the court found that a stay is not mandatory in cases such as the one before this Court:

> But [Petitioners] cite no appellate court case, and we are aware of none, that sets forth the proposition that a district court must stay proceedings against a customer in the very same litigation that will, regardless of the requested stay, go forward against the supplier. The appellate cases they cite all involve giving priority to supplier litigation over what already is or should be separate litigation with customers, thereby preventing parallel, active, duplicative proceedings.

*In re Dell Inc.*, 600 F. App'x 728, 730 (Fed. Cir. 2015) (citing *In re Nintendo*, 756 F.3d 1363 and *In re Google, Inc.*, 588 Fed. App'x 988 (Fed. Cir. 2014)).

While the Court may stay proceedings against a customer, the Court, in its discretion, may deny a stay where it would not eliminate duplicative litigation. In *In re Nintendo*, the customer-suit exception involved severing the manufacturer from a single action, staying the severed customer defendants, and transferring the case against the manufacturer to a different forum. 756 F.3d at 1365. Here, in contrast, Renesas, the manufacturer, and DENSO, the customers, are co-defendants in a single action. In the Motion, Renesas and DENSO do not seek to transfer the suit

against Renesas to a different forum. Renesas and DENSO seek to stay the case against DENSO and proceed only with Plaintiff's claims against Renesas, all in this forum. The Court is unpersuaded that splitting the above-captioned case into two cases and staying one case has a reasonable probability of promoting efficiency or judicial economy. *See, e.g.*, *In re Dell Inc.*, 600 Fed. App'x at 730 ("The policies expressed in the duplicative-case context are certainly relevant in a district court's decision how to proceed within the context of a single case.").

The Court finds that the customer-suit exception is inapplicable and is not a ground for severing and staying Plaintiff's claims against DENSO.[1]

### B. The Traditional Stay Factors Do Not Require a Different Result

DENSO and Renesas argue that the traditional stay factors also confirm that the Court should sever and stay Plaintiff's claims against DENSO pending the resolution of Plaintiff's claims against Renesas. (Dkt. No. 27 at 12-13.) The Court finds that DENSO and Renesas fail to prove that the traditional stay factors warrant a severance and stay.

Courts typically consider the three traditional stay factors is determining whether to grant a stay in customer suits: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Network Sys. Techs., LLC v. Samsung Elecs. Co.*, No. 2:22-cv-00481-JRG, 2023 WL 7649372, at *8 (E.D. Tex. Nov. 14, 2023) (quoting *Lighthouse Consulting Grp., LLC v. Truist Bank*, No. 2:19-cv-00340-JRG, 2020 WL 6781977, at *2 (E.D. Tex. Apr. 7, 2020)).

---

[1] The consumer-suit exception can apply where two separate actions in different forums are co-pending. That is not the case here. It is important to recall that the customer-suit exception developed as an exception to the first-to-file rule. Here, one combined action has been filed, and those facts place this outside the customer-suit exception.

The first factor, whether a stay would unduly prejudice or present a tactical disadvantage to Plaintiff, weighs against severance and stay. Not only would a stay potentially delay the resolution of Plaintiff's claims against DENSO, but severing and staying Plaintiff's claims against DENSO could likely force Plaintiff to litigate its infringement claims serially against Renesas and DENSO.[2] Such a multiplication of this proceeding, especially trial, would unnecessarily drive up the costs and efforts required to adjudicate Plaintiff's patent rights.

The second factor, whether a stay will simplify the issues and trial of the case, is neutral. While a severance and stay will narrow the issues for trial, it would not completely resolve all issues. The third factor, whether discovery is complete and whether a trial date has been set, weighs slightly in favor of severing and staying. While the Court has set a trial date and discovery has begun, the case is still in its early stages. The *Markman* hearing is not scheduled until July 29, 2025, with fact discovery open until September 8, 2025 and expert discovery open until October 14, 2025. (Dkt. No. 37.)

Having found that the first factor weighs against severing and staying, the second factor is neutral, and the third factor weighs slightly in favor of severing and staying, the Court concludes that the balance of the traditional stay factors does not support severing and staying Plaintiff's claims against DENSO.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Sever and Stay Pending Final Resolution of Manufacturer's Suit (Dkt. No. 27) is **DENIED**.

---

[2] DENSO and Renesas assert that DENSO does not possess any information on infringement and that it agrees to "produce data on products with accused chips it has imported or sold in the U.S." (Dkt. No. 27 at 12; Dkt. No. 46 at 4-5.) The Court finds that DENSO's argument cuts both ways. If DENSO does not possess relevant discoverable infringement information, DENSO's only burden is to deny having that information. If DENSO possesses relevant discoverable infringement information, Plaintiff is entitled to that discovery.

**So ORDERED and SIGNED this 24th day of February, 2025.**

                                                RODNEY GILSTRAP  
                                                UNITED STATES DISTRICT JUDGE