IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MONTEREY RESEARCH, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00238-JRG |
| | § | |
| RENESAS ELECTRONICS | § | |
| CORPORATION, DENSO | § | |
| CORPORATION, and DENSO | § | |
| INTERNATIONAL AMERICA, INC., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Opposed Motion to Compel (the "Motion to Compel") filed by Defendant Renesas Electronics Corporation ("Renesas"). (Dkt. No. 107.)

**I.     DISCUSSION**

    **A.     Renesas's Failure to Comply with the Court's Orders**

Before proceeding with the merits of the Motion to Compel, the Court addresses Renesas's failure to comply with this Court's Standing Order and the Discovery Order in this case. The Court's orders explicitly state that "Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages." (Standing Order Regarding "Meet and Confer" Obligations Relating to Discovery Disputes;[1] Dkt. No. 38 ¶ 9(b).) The attachments to Renesas's Motion to Compel total over 210 pages—well over the five-page limit. (*See* Dkt. Nos. 107-1–107-17.) Renesas never moved for leave to exceed the page limit. Therefore, Renesas is confined to the page limit imposed by the Court's orders.

---

[1] https://www.txed.uscourts.gov/sites/default/files/judgeFiles/Standing%20Order%20Regarding%20Meet%20and%20Confer%20Obligations%20for%20Discovery%20Dispute.pdf.

Accordingly, the Court **STRIKES** all attachments that exceed the five-page limit—Dkt. Nos. 107-2–107-17—and the Court did not consider them in regard to this Motion to Compel. The Court's orders are orders. They are not recommendations. The Court expects and requires all parties to fully and faithfully review, understand, and comply with this District's Local Rules and this Court's standing orders. Disregarding such rules and orders may require the imposition of appropriate sanctions. The Court trusts that this warning will not be lost on Renesas and its counsel.

### B. Renesas's Motion to Compel

Renesas seeks "documents reflecting draft versions of, and negotiations underlying, consummated license and settlement agreements." (Dkt. No. 107 at 4.) Renesas contends that these documents are relevant to discerning the patents' value and to test the accuracy of Plaintiff Monterey Research, LLC's ("Monterey") "standard" royalty rate. (*Id.* at 3-7.)

Monterey responds that the production of negotiation documents is the exception, not the rule.[2] (Dkt. No. 112 at 3.) Monterey argues that the requested documents are irrelevant. (*Id.* at 3-5.) Monterey asserts that "[s]earching for and producing e-mail communications and conducting a privilege review would be extremely burdensome and have limited probative effect." (*Id.* at 5.) Monterey further responds that there is no e-discovery order in this case. (*Id.* at 6-7.)

The Court finds that the negotiation of consummated licenses to the asserted patents, including draft licenses and term sheets, is both relevant and discoverable. While negotiations of unconsummated licenses are not discoverable, negotiations of consummated licenses are discoverable and relevant to at least determining a reasonable royalty in this case. The Court does not find Monterey's burden arguments persuasive.

---

[2] Monterey includes additional arguments and statements regarding its pending motion to dismiss and pending motion to stay. (Dkt. No. 112 at 1-2.) Monterey's pending motions do not excuse it from complying with its discovery obligations. *See* Local Rule CV-26.

Accordingly, the Court **ORDERS** that Monterey and Renesas meet and confer within seven (7) days of this Order regarding an E-Discovery Order in this case. The Court **ORDERS** that Monterey and Renesas submit a proposed E-Discovery Order within ten (10) days of the date of this Order. The Court further **ORDERS** Monterey to produce documents reflecting draft versions of, and negotiations underlying, consummated license and settlement agreements within twenty-one (21) days of entry of the E-Discovery Order.

## II.   CONCLUSION

For the foregoing reasons, the Court finds that Renesas's Motion to Compel (Dkt. No. 107) should be and hereby is **GRANTED** as set forth above.

**So ORDERED and SIGNED this 15th day of July, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE