IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MONTEREY RESEARCH, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00238-JRG |
| | § | |
| RENESAS ELECTRONICS | § | |
| CORPORATION, DENSO | § | |
| CORPORATION, and DENSO | § | |
| INTERNATIONAL AMERICA, INC., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss for Lack of Standing (the "Motion to Dismiss") filed by Plaintiff Monterey Research, LLC ("Monterey"). (Dkt. No. 78.) Before the Court is also the Opposed Motion to Join or Substitute MR Licensing LLC filed by Defendant Renesas Electronics Corporation ("Renesas") (Dkt. No. 85) and the Opposed Contingent Motion to Join or Substitute MR Licensing LLC filed by Defendants DENSO Corporation and DENSO International America, Inc. (collectively, "DENSO") (Dkt. No. 87) (collectively, the "Motions to Join"). Also before the Court is the Motion to Stay Pending Motion to Dismiss for Lack of Standing (the "Motion to Stay") filed by Monterey. (Dkt. No. 93.) Further before the Court is the Notice of Request for Hearing on Pending Motions (the "Hearing Request") filed by Monterey. (Dkt. No. 118.)

Having considered the Motion to Dismiss and related briefing, the Court finds that it should be **DENIED**. Having considered the Motions to Join and related briefing, the Court finds that they should be **GRANTED**. Having considered the Motion to Stay and related briefing, the Court finds

that it should be **DENIED AS MOOT**. Having considered the Hearing Request, the Court finds that it should be **DENIED AS MOOT**.

I.     **BACKGROUND**

Monterey filed this lawsuit against Defendants[1] on April 10, 2024. (Dkt. No. 1.) On April 21, 2025, Monterey sold several hundred patents, including the patents Monterey asserts against Defendants in this case, to MR Licensing LLC ("MR Licensing"). (Dkt. No. 78 at 1-2.) On April 25, 2025, Monterey filed the Motion to Dismiss. (Dkt. No. 78.) That same day, MR Licensing instituted a new action against Defendants, asserting the same four patents asserted in this case plus four additional patents. *MR Licensing LLC v. Renesas Elecs. Corp., et al.*, No. 2:25-cv-00441-JRG, Dkt. No. 1 (E.D. Tex. Apr. 25, 2025).

In response to Monterey's Motion to Dismiss, Defendants filed the Motions to Join. (Dkt. Nos. 85, 87.) Approximately two weeks later, Monterey filed the Motion to Stay. (Dkt. No. 93.)

II.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Federal Rule of Civil Procedure 25(c) dictates that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). Joinder is not unique to patent law, and therefore the law of the regional circuit applies. *See McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1357 (Fed. Cir. 2001) ("A district court's decision to grant or deny a motion for leave to join a party involves a procedural question that raises no special issues relating to patent law, and therefore [regional circuit] law applies.").

---

[1] "Defendants" refers collectively to Renesas and DENSO.

### III. DISCUSSION

#### A. Motions to Join

##### 1. Joinder of MR Licensing with Monterey

Defendants argue that MR Licensing should be joined as a plaintiff in the above-captioned case or substituted with Monterey.[2] (Dkt. No. 85 at 3-6.) Defendants argue that "MR Licensing voluntarily stepped into Monterey's shoes by acquiring the patents-in-suit with full knowledge that Monterey had initiated the present action over a year ago." (*Id.* at 3.) Defendants argue that joinder or substitution will conserve judicial resources as this case has been pending for over a year. (*Id.* at 5-6.) Defendants further argue that joinder or substitution would prevent prejudice. (*Id.* at 6-7.) Defendants assert that joinder is more appropriate than substitution because "the record is incomplete as to Monterey's continued liability with respect to this suit (e.g., for attorneys' fees)." (*Id.* at 7.) Defendants also assert that "Monterey has not fully complied with its discovery obligations" and "that removing Monterey as a party will make it even more difficult to access this information." (*Id.* at 7-8.)

Monterey responds that joinder or substitution is inappropriate because MR Licensing already filed a second litigation involving the asserted patents.[3] (Dkt. No. 101 at 2.) Monterey argues that Defendants cannot articulate any prejudice if the Court declines to join or substitute MR Licensing. (*Id.* at 2-5.) Monterey asserts that Defendants' contention regarding speculative attorneys' fees is "typical litigation posturing." (*Id.* at 5-6.) Monterey asserts that Defendants' contentions regarding the availability of discovery does not support joinder because Defendants

---

[2] If the Court declined to dismiss Monterey's claims against DENSO with prejudice, DENSO joined in Renesas's motion to join MR Licensing. (Dkt. No. 87.)

[3] Monterey initially responded that joinder or substitution is improper because Renesas had not served MR Licensing under Federal Rule of Civil Procedure 5, as required by Federal Rule of Civil Procedure 25. (Dkt. No. 101 at 1-2.) Monterey has since withdrawn that argument, and counsel for Monterey and MR Licensing represents that "MR Licensing, LLC does not contest that service of the Motion was made." (Dkt. No. 115.)

3

can obtain discovery "from Monterey through normal subpoena practice." (*Id.* at 6.) Monterey further argues that "joinder is plainly inappropriate because Monterey is no longer the owner of the patents-in-suit and thus Monterey has no standing to continue to assert these patents, no right to recover damages, and no right to take any litigation positions regarding these patents." (*Id.* at 7.) Monterey argues that "substitution is also inappropriate because the pending MR Licensing case would still be proceeding, effectively duplicating judicial and party effort by having two cases pending between the same parties in the same Court." (*Id.* at 7-8.)

When an interest is transferred during the pendency of an action, "[t]he court, if it sees fit, may allow the transferee [of an interest] to be substituted for the transferor." 7C Wright & Miller, Fed. Practice & Proc. § 1958 (3d ed. 2025). The court may also retain the transferor party and order that the transferee be made an additional party. *Id.* The parties do not seem to dispute that Monterey owned the asserted patents and had standing at the time Monterey filed suit. After the commencement of this case, Monterey sold the asserted patents to MR Licensing. Joinder under Rule 25(c) is appropriate and cures any alleged jurisdictional defect. The Court does not find that either party will be prejudiced by joinder. This case has been proceeding for over a year. The *Markman* hearing in this case is set for August 8, 2025, and trial is set for January 26, 2026. It is clear that this litigation will be most fairly and efficiently adjudicated by joining MR Licensing as a plaintiff in this case.

Accordingly, the Court will exercise its discretion and join MR Licensing as a plaintiff, without dismissing Monterey.

### 2. Severance and Consolidation

Federal Rule of Civil Procedure 21 "provides a district court broad discretion" to sever any claim against a party. *Content Guard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-cv-1112-JRG, 2015 WL 1263346, at *2 (E.D. Tex. Mar. 19, 2015) (cleaned up). Given the Court's finding that

joinder of MR Licensing is appropriate under the circumstances, the Court finds that severing MR Licensing's claims in *MR Licensing LLC v. Renesas Elecs. Corp., et al.*, No. 2:25-cv-00441-JRG, Dkt. No. 1 (E.D. Tex. Apr. 25, 2025) with respect to the same four asserted patents in the above-captioned case and consolidating those counts into the above-captioned case would promote judicial efficiency and avoid potential complications. The specific counts include Count V (Infringement of U.S. Patent No. 6,243,300), Count VI (Infringement of U.S. Patent No. 7,679,968), Count VII (Infringement of U.S. Patent No. 7,089,133), and Count VIII (Infringement of U.S. Patent No. 7,825,688) from *MR Licensing LLC v. Renesas Elecs. Corp., et al.*, No. 2:25-cv-00441-JRG, Dkt. No. 1 (E.D. Tex. Apr. 25, 2025).

Accordingly, the parties should expect a forthcoming order in *MR Licensing LLC v. Renesas Elecs. Corp., et al.*, No. 2:25-cv-00441-JRG (E.D. Tex. Apr. 25, 2025) that aligns with the severance and consolidation procedures outlined above.

### B. Motion to Dismiss

Monterey moved to dismiss the above-captioned case without prejudice for lack of standing. (Dkt. No. 78.) Given the Court's finding that joinder of MR Licensing is appropriate under the circumstances, the Court finds that dismissal for lack of standing is inappropriate. When a patent is transferred from a plaintiff to another party, that transfer does not necessarily destroy the Court's subject matter jurisdiction, provided that the proper party in interest can be brought into the litigation before judgment. The question of standing is addressed at the outset of the case. Neither party disputes that Monterey had standing when the suit was filed. The joinder of MR Licensing resolves any potential standing issue and allows this case to proceed in an efficient manner.

Accordingly, the Court finds that Monterey's Motion to Dismiss (Dkt. No. 78) should be denied.

### C. Motion to Stay

In the Motion to Stay, Monterey requests that the Court stay the above-captioned case pending resolution of the Motion to Dismiss. (Dkt. No. 93.) As stated above, the Court finds that the Motion to Dismiss should be denied. As the Court has ruled on the Motion to Dismiss, the Court finds that the Motion to Stay (Dkt. No. 93) should be denied as moot.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the Motion to Dismiss (Dkt. No. 78) should be and hereby is **DENIED**. The Court finds that Defendants' Motions to Join (Dkt. Nos. 85, 87) should be and hereby are **GRANTED**. The Court also finds that Monterey's Motion to Stay (Dkt. No. 93) should be and hereby is **DENIED AS MOOT**. The Court further finds that Monterey's Hearing Request (Dkt. No. 118) should be and hereby is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to add MR Licensing LLC as a plaintiff in the above-captioned case.

**So ORDERED and SIGNED this 24th day of July, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE