IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MONTEREY RESEARCH, LLC and MR LICENSING LLC, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:24-CV-00238-JRG |
| RENESAS ELECTRONICS CORP., DENSO CORP., and DENSO INTERNATIONAL AMERICA, INC., | § § § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

The Court held a Pretrial Conference in the above-captioned case on December 23, 2025 regarding pending pretrial motions, motions in *limine* ("MILs"), and disputed exhibits between Plaintiffs Monterey Research, LLC ("Monterey") and MR Licensing LLC ("MRL") (together "Plaintiffs"), and Defendants Renesas Electronics Corp. ("Renesas"), Denso Corp., and Denso International America, Inc. ("Denso") (together, "Defendants") (collectively, the "Parties"). (Dkt. Nos. 176, 177, 178, 179, 180, 181, 218, 219, 220.) This Order memorializes the Court's rulings on the pretrial motions, MILs, and disputed exhibits as announced from the bench and read into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the Pretrial Conference, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

1. **Renesas' Omnibus Motion for Summary Judgement of Noninfringement of the '133 Patent, Noninfringement of the '300 Patent, and No Indirect Infringement of the '688 Patent (Dkt. No. 176).**

   The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**.

   Regarding the assertion that the Corut should grant summary judgement of noninfringement of the '133 patent on the basis that MRL cannot prove the accused products contain a "third reset detector," the Court **GRANTED** the motion with respect to the RL78 products but otherwise **DENIED** the motion. The Court found that the asserted claims require the third reset detector to be a separate structure, and that no questions of material fact exist that the RL78 products lack the claimed third reset detector. For all other asserted products, the Court determined that material questions of fact remain which preclude granting summary judgement as to noninfringement based on a lack of a third reset detector.

   The Court **DENIED** the reaminder of the motion as well, finding that material questions of fact remain as to noninfringement of the '133, '300, and '688 patents. With regard to the '300 patent, the Court determined that differing expert opinions on the "substantially neutralizing" step, in particular, precluded granting summary judgement. With regard to the '688 patent, the Court found that fact questions remain as to whether Renesas was willfully blind to Monterey's patents.

2. **Monterey's Motion to Dismiss Monterey for Lack of Standing (Dkt. No. 180).**

   This motion was **GRANTED AS UNOPPOSED** in light of Renesas withdrawing is opposition to the motion. Monterey Research, LLC is **DISMISSED** as a party and the style of this case, going forward, shall reflect MR Licensing LLC as the sole party plaintiff.

3. **Renesas' Motion to Strike Expert Testimony of Sanjay Banerjee (Dkt. No. 177).**

   This motion was **GRANTED** given Dr. Banerjee's disavowal of the 22% figure he provided in his report. In particular, the Court found that in light of Dr. Banerjee's statement at his

deposition that "[w]hether it would reduce it by 22 percent or 15 percent, I couldn't really tell you," his expert testimony which culminated in said 22% figure must be struck. The Court correspondingly struck the reliance on this 22% figure by MRL's damages expert, Mr. Kennedy, as discussed in relation to the motion to strike Mr. Kennedy below.

   4. **Renesas' Motion to Strike Dr. Brogioli (Dkt. No. 178).**

The first half of this motion was **DENIED AS MOOT**, given that it pertained to a request to strike opinions regarding the RL78 products on which the Court previously granted summary judgement.

The second half of this motion was **DENIED** as procedurally improper, as Renesas sought to strike deposition testimony of Dr. Brogioli, rather than material from his report. The Court provided guidance to Renesas that, to the extent Renesas believes Dr. Brogioli's testimony at trial exceeds or conflicts with his report, then impeachment would be the proper response.

   5. **Renesas' Motion to Strike David Kennedy (Dkt. No. 179).**

The first half of this motion was **DENIED AS MOOT**, given that it pertained to Mr. Kennedy's reliance on Dr. Brogioli's opinions on the RL78 products.

The second half of this motion was **GRANTED**. The motion sought to strike Mr. Kennedy's opinions regarding damages related to the '300 patent, because Mr. Kennedy relies solely on Dr. Banerjee's disavowed 22% figure to derive such figures. Since the Court granted Renesas' motion to strike Dr. Banerjee (Dkt. No. 177), the Court granted this part of the motion to strike Mr. Kennedy as well.

6. **Plaintiffs' Motion for Partial Summary Judgement of No Limitation on Damages Under 35 U.S.C. § 287 and Summary Judgement Dismissing Defendants' Tenth, Fourteenth, and Seventeenth Defenses (Dkt. No. 181).**

Given the representations from counsel that there remained no live issue on this motion at the time of the Pretrial Conference, the Court found that it should be and hereby is **DENIED AS MOOT**.

7. **Parties' Opposed Motions** *in Limine* **(Dkt. Nos. 218 and 220).**

   a. *Renesas' Motion* in Limine*: exclude evidence, testimony, or argument suggesting that Renesas or Denso had an affirmative obligation to review the patents in Monterey's portfolio that were not identified to Renesas or Denso.*

   This MIL was **withdrawn** by Renesas.

   b. *MRL's Motion* in Limine *1: modify standing MIL 10 to prevent the parties from introducing evidence, testimony, or argument that cited prior art was/was not considered during prosecution of any of the asserted patents.*

Counsel for the Parties read an agreement into the record stating, *inter alia*, that neither side will try to put on evidence before the jury about the subjective mental processes of the examiner during prosecution of the patents-in-suit. The Court **accepts** the Parties' agreement as read into the record and will enforce it during trial. The MIL was otherwise **DENIED** in light of the narrowing and recitations in the record.

   c. *MRL's Motion* in Limine *2: preclude evidence, testimony, or arguments that figures in the patents were copied or improperly obtained from prior art.*

   This MIL was **GRANTED AS AGREED**.

   d. *MRL's Motion* in Limine *3: preclude evidence, testimony, or arguments that the voltage detectors in the accused products are disabled by default.*

   This MIL was **withdrawn** by MRL.

  e. *MRL's Motion* in Limine *4: preclude evidence, testimony, or arguments regarding the pre-litigation licensing offers from Monterey from Renesas.*

This MIL was **GRANTED**, but the Court provided guidance to Renesas that such evidence will be permitted by the Court to be presented to the jury only for the limited purpose of rebutting a showing from MRL of willful blindness. The Court instructed Renesas that counsel will need to seek and obtain leave to use the evidence in this limited way prior to its introduction at trial.

8. **Parties' Agreed Motions** *in Limine* **(Dkt. No. 219).**

The Court acknowledged that the Parties submitted three (3) "agreed modification[s]" to the Court's standing MILs, and seven (7) additional "agreed" MILs. The Court **DENIED** these submissions. However, it instructed the Parties that instead of accepting or granting these submitted MILs, the Parties are **ORDERED** to prepare and submit any stipulations of their choosing on the docket.

9. **Parties' Exhibit Disputes**

The Parties reached agreement regarding their exhibits following the Court's rulings on the pretrial motions and MILs. The following exhibits were read into the record as **PRE-ADMITTED**:

Plaintiff's exhibits PTX-003, PTX-004, PTX-005, PTX-006, PTX-007, PTX-009, and PTX-010 are **PRE-ADMITTED**.

The Court further **ORDERED** the Parties to prepare and submit a complete list of agreed upon pre-admitted exhibits to the Courtroom Deputy within ten (10) days of the Pretrial Conference.

10. **Additional Matters**

  a. *Denso's request for the Court to sever and stay their case.*

Denso included in the Parties' Joint Pretrial Order a reiteration of its request for the Court to sever and stay the case against it. After hearing argument on this, the Court **GRANTED** this

request to stay the case as to Denso, but **DENIED** their request to be severed into a separate case. The Court further **ORDERED** that MRL may take up to a three (3) hour deposition of a designated Denso witness as soon as is practicable. With that accommodation to MRL, the trial is **STAYED** as to Denso, based in large part on Denso's stipulation in the Joint Pretrial Order that it will be fully bound by the verdict in the trial between MRL and Renesas on all issues tried to the jury including infringement and validity (*see* Dkt. No. 230 at 10-11).

    b.  *MRL's request for a deposition of Mr. Snyder.*

MRL raised the issue to the Court that one of the inventors of the '133 and '688 patents, Mr. Warren Snyder, was not deposed during fact discovery and has now been retained by Renesas as a consultant. Mr. Snyder is listed on Renesas' witness list as a "may call." After hearing argument on the matter from both sides, the Court **ORDERED** that MRL may take a remote, out-of-time deposition of Mr. Snyder lasting up to two (2) hours.

    c.  *Renesas' request for outstanding document production.*

Renesas raised the issue of two documents it believes to be outstanding given an agreement from the Parties which settled a prior dispute concerning a motion to compel in this case. After hearing argument on the matter from both sides, as well as counsel for MRL reading into the record the agreement the Parties reached in settling their earlier dispute, the Court determined that this request for relief from Renesas should be and hereby is **DENIED**.

    **So ORDERED and SIGNED this 7th day of January, 2026.**

 

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE