## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| MR LICENSING LLC, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| RENESAS ELECTRONICS | § | CIVIL ACTION NO. 2:24-CV-00238-JRG |
| CORPORATION, DENSO | § | |
| CORPORATION, and DENSO | § | |
| INTERNATIONAL AMERICA, INC., | § | |
| *Defendants.* | § | |

## ORDER

Before the Court is the Opposed Motion to Continue Trial Date (the "Motion") filed by Defendant Renesas Electronics Corporation ("Renesas"). (Dkt. No. 279.) In the Motion, Renesas seeks a continuance of the above-captioned case from the June 22, 2026 trial date given Renesas' technical expert, Dr. Subramanian, is required to be in Switzerland to give three final examinations from June 23, 2026 to June 26, 2026. (*Id*. at 2.)

Having considered the Motion, the Court finds that it should be and hereby is **DENIED**. The Parties may jointly take a trial deposition of Dr. Subramanian to be presented at trial, or may seek to substitute Dr. Subramanian with another expert who will adopt Dr. Subramanian's expert report as their own. If a trial deposition is taken, all parties shall exercise good faith in scheduling and taking the same as soon as possible. If the trial does not proceed in June, then Dr. Subramanian shall subsequently testify in person in lieu of Renesas presenting a trial deposition or a substitute expert.

Additionally, it is **ORDERED** that the Parties mediate in this case as soon as practical, but no later than June 12, 2026. To ensure that mediation is as productive as possible, the Court hereby **ORDERS** that each party shall personally attend such mediation with lead counsel and a

representative who has full and unilateral authority to act on and compromise on all pending disputes. Any party whose potential exposure may be covered by applicable insurance shall secure the presence at mediation of an authorized representative of any such insurer. No party or representative shall leave the mediation session, once it begins, without the approval of the mediator. This District's applicable local rules shall otherwise govern and apply in all respects. The mediator may, within his discretion, afford any participant permission to attend virtually. However, the mediator may, by the same token, require in person participation, from any or all participants. Such matters are left to the mediator's sound discretion.

**So ORDERED and SIGNED this 11th day of May, 2026.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

2